UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| SEBASTIAN J. LOMBARDI, JR.,   )<br>)<br>Plaintiff   )<br>)<br>v.   )<br>)<br>MICHAEL J. ASTRUE,   )<br>Commissioner of Social Security,   )<br>)<br>Defendant   ) | Civil No. 09-604-P-H |

### RECOMMENDED DECISION ON MOTION TO DISMISS

The defendant commissioner moves to dismiss this purported appeal from the denial of the plaintiff's request for a hearing before an administrative law judge of the Social Security Administration. Defendant's Amended Motion to Dismiss Plaintiff's Complaint for Lack of Subject Matter Jurisdiction (Docket No. 10). I recommend that the court grant the motion.

The motion contends that this court lacks subject matter jurisdiction over the plaintiff's claim, *id.*, an assertion that invokes Fed. R. Civ. P. 12(b)(1). When a defendant moves to dismiss pursuant to Rule 12(b)(1), the plaintiff bears the burden of demonstrating that subject matter jurisdiction exists. *Lundquist v. Precision Valley Aviation, Inc.*, 946 F.2d 8, 10 (1st Cir. 1991); *Lord v. Casco Bay Weekly, Inc.*, 789 F. Supp. 32, 33 (D. Me. 1992). Both parties may rely on extra-pleading materials. 5A Charles Alan Wright & Arthur B. Miller, *Federal Practice and Procedure* § 1350 at 213 (2d ed. 1990); *see also Hawes v. Club Ecuestre el Comandante*, 598 F.2d 698, 699 (1st Cir. 1979).

The statute cited by the commissioner, Defendant's Memorandum in Support of Amended Motion to Dismiss Plaintiff's Complaint ("Motion") (Docket No. 10-1) at 3, 42 U.S.C. § 405(g), provides that "any final decision of the Commissioner of Social Security made after a hearing" is judicially reviewable in the district court. 42 U.S.C. § 405(g); *see also Califano v. Sanders*, 430 U.S. 99, 108 (1977) (Congress "clearly limit[ed] judicial review to a particular type of agency action, 'a final decision of the [commissioner] made after a hearing.'") In turn, "the meaning of the term "final decision' has been left to the [commissioner] to flesh out by regulations." *Brittingham v. Barnhart*, 92 Soc. Sec. Rep. Serv. 301, 304 (D. Del. 2003) (citation and internal quotation marks omitted).

Relevant Social Security regulations define administrative actions that are "not subject to judicial review" to include "[d]enying your request to extend the time period for requesting review of a determination or a decision[.]" 20 C.F.R. § 404.903;[1] *see also, e.g., Torres v. Secretary of Health & Human Servs.*, 845 F.2d 1136, 1138 (1st Cir. 1988) ("Absent a colorable constitutional claim not present here, a district court does not have jurisdiction to review the [commissioner's] discretionary decision not to reopen an earlier adjudication."); *Harper v. Bowen*, 813 F.3d 737, 742 (5th Cir. 1987) (aligning with majority of circuit courts of appeals in holding that "[*Califano v.*] *Sanders*[, 430 U.S. 99 (1977),] precludes judicial review of an administrative decision not to extend the time limit"); *Brittingham*, 92 Soc. Sec. Rep. Serv. At 304 (court lacked jurisdiction to entertain plaintiff's appeal of order dismissing request for hearing on timeliness grounds).

In this case, the plaintiff's request for a hearing before an administrative law judge following a partly favorable decision awarding him some benefits was denied following the

---

[1] In Social Security disability benefits cases, administrative law judges possess discretion to dismiss hearing requests pursuant to 20 C.F.R. § 404.957 ("An administrative law judge may dismiss a request for a hearing under [certain enumerated] conditions[.]").

plaintiff's asserted compliance with an incorrect notice concerning the process of appeal. Plaintiff's Response to Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction[2] ("Opposition") (Docket No. 13) at 3-4.  He filed this court action approximately two weeks after filing a request for review of the denial, without waiting for the commissioner's action on that request.  Declaration of Marian Jones ("Jones Decl.") (Docket No. 10-2) ¶ 3.

The plaintiff does argue that he has a colorable constitutional claim; he asserts that "[i]t almost goes without saying that the Plaintiff's right to a hearing is a constitutional right." Opposition at 7.  In actuality, the plaintiff in this case does not have a constitutional right to a hearing on his application for benefits.[3]  *See Sanders*, 430 U.S. at 109; *Eastman v. Barnhart*, No. 02-1-B, 2002 WL 1303017 (D. Me. June 12, 2002), at *3 (and cases cited therein).  He has a constitutional right to the due process of law in the defendant's handling of his application.  As he has now been granted a hearing, Jones Decl. ¶ 3(f), he has been afforded the process that he is due.  This fact, as the commissioner notes, Motion at 6-7, also renders this action moot.

The plaintiff contends that this action is not moot because, "[t]echnically, the Commissioner has not really agreed to a hearing yet."  Opposition at 8.  He offers no reason why this court should not take the commissioner at his word.  Jones Decl. Exh. 6.  There is no need to order the commissioner to hold a hearing when he has already agreed to do so, and this court lacks jurisdiction under the circumstances to order him to do so, in any event.

---

[2] Counsel for the plaintiff is reminded that this court's Local Rule 7(e) requires all legal memoranda to be double-spaced.

[3] The plaintiff cites *Beckham v. Schweiker*, 557 F. Supp. 137, 140 (S.D. Ohio 1982), for the proposition that he is entitled to judicial review at this juncture.  Opposition at 7.  In fact, the very language he quotes from that opinion serves to distinguish it from this case:  "We find that once a person has pursued the question of his right to a hearing through the administrative process, his administrative remedies have been exhausted and he his entitled under § 405(g) to judicial review of his claim for a hearing[.]"  Here, the plaintiff initiated this action without pursuing to its conclusion the question of his right to a hearing through the commissioner's administrative process, and, indeed, the commissioner has now granted him a hearing.  Jones Decl. ¶ 3.

Neither 20 C.F.R. § 405.372 nor my recommended decision in *Bowie v. Astrue*, Civil No. 08-428-P-S, 2009 WL 1290765 (D. Me. May 7 2009), the two authorities cited by the plaintiff, Opposition at 6, 8, requires a different outcome.  As the commissioner points out, Defendant's Reply to Plaintiff's Response to Defendant's Motion to Dismiss (Docket No. 15) at 2, the regulation, considered in context, clearly refers to the decision of an administrative law judge after a hearing has been held.  This interpretation is consistent with 20 C.F.R. § 405.383, which specifically addresses the dismissal of a request for a hearing before an administrative law judge: "The administrative law judge's dismissal of a request for a hearing is binding and not subject to further review, unless it is vacated by the administrative law judge under § 405.382 or by the Decision Review Board under § 405.427 of this part."

In *Bowie v. Astrue*, the question presented was whether the denial of a request to reopen a prior claim for benefits is a "final" decision of the commissioner for purposes of a request for judicial review.  2009 WL 1290765 at *3.  The colorable constitutional claim raised in that case, one that has been recognized by many courts, was a claim that the plaintiff had been denied due process of law because his mental illness prevented him from understanding and pursuing his administrative remedies at the relevant time.  *Id*.  Here, the defendant makes no such argument. Moreover, an issue concerning procedural and factual errors by the commissioner was also present in *Bowie*, *id*., and in this case there is at present no unremedied procedural or factual error by the commissioner.  Here, the commissioner has now offered the plaintiff "consideration on the merits of his . . . request for a hearing by the administrative law judge."  *Id*. at *4.  That is all that is required.  *Id*.

## Conclusion

For the foregoing reasons, I recommend that the defendant's motion to dismiss be **GRANTED**.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought within fourteen (14) days after being served with a copy thereof.  A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.  Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 7th day of April, 2010.

>　　　　　　　　　　　　　/s/  John H. Rich III
>　　　　　　　　　　　　　John H. Rich III
>　　　　　　　　　　　　　United States Magistrate Judge